[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Since shortly after this breach of contract action was commenced in June of 1991, a series of miscommunications by counsel with each other and with the court has seemingly doomed it to a land of pretrial limbo. What is apparent from the file is the following:
On October 4, 1991, the plaintiff filed a Motion for Default for Failure to appear. On that day, no one had filed an appearance for the defendant Prostaff. The motion was granted on October 7, by one clerk, while another clerk was file-stamping the appearance of Attorney Kevin M. Tepas for the defendant, which had the effect of vacating the default. When the defendant had not advanced the pleadings within fifteen days, presumably pursuant to Conn. P.B. Sec. 114, the plaintiff filed a Motion for Default for Failure to Plead on October 25, which was granted on October 28 1991. The defendant intended, however, to file a Motion to Dismiss, which it is allowed to do within thirty days pursuant to Conn. P. B. Sec. 142, notwithstanding the time for advancing the pleadings set for in Sec. 114. At any rate, the defendant timely filed its Motion to Dismiss on November 4, 1991. It then moved to vacate the previous default for failure to plead and that motion was granted (Spear, J.) on December 30, 1991.
The plaintiff filed a memorandum in opposition to the Motion to Dismiss on April 13, 1992. However, because of a miscommunication between counsel with the court the court CT Page 2205 (Lewis, J.) understood there to be no opposition to the motion when it came before the court, and the court granted the motion on April 13, 1992. Upon learning that the court had acted on the motion, the plaintiff filed a Motion to Reargue, explaining that counsel for the plaintiff had been under the impression that the motion was not to be acted upon. Counsel for the defendant disputed the opposing counsel's assertions by filing an Objection to the Motion to Reargue on May 1, 1992. On May 11, 1992, the court (Lewis, J.) vacated the court's previous order dismissing the action. Thereafter the defendant submitted one additional affidavit to supplement its Motion to Dismiss, and no further activity occurred in the file until July 7, 1992, when the court (Lewis, J.), relying on its careful review of the papers submitted by the parties and thoughtful research of the law, denied the Motion to Dismiss, writing a well-reasoned memorandum of decision.
On July 27, 1992, the defendant filed a Motion to Reargue, based on what it represented to be a misunderstanding of what procedure would be followed by the court in ruling on the Motion to Dismiss. The defendant asserted that it had not understood that after vacating the original dismissal, the court would proceed to rule, without further hearing, on the Motion to Dismiss; rather the defendant thought that the court had only agreed to rehear the matter.
The court, in response to the defendant's Motion to Reargue (#119), set the matter down for a new hearing on November 2, 1992. The file does not reflect any action by the court as a result of that hearing, but plaintiff's counsel has stated that the court requested the Motion to Dismiss be reclaimed to the short calendar for a hearing at a future date.
The confusion over whether the Motion to Dismiss had been acted upon or not persisted throughout 1993, with the defendant attempting to reclaim the matter to the short calendar but with the clerk's office, seeing the Memorandum of Decision dated July 7, 1992, in the file, declining to schedule the matter, eventually resulting in the court's dismissal of the action on December 10, 1993, under Conn. P. B. Sec. 251 for failure to prosecute with due diligence. The dismissal was set aside by the court (Ballen, J.) on February 7, 1994, and the matter was set down on the short calendar before the undersigned on February 22, 1994.
The parties were fully heard on the merits of the Motion to Dismiss, and despite the claims of the defendant that there are CT Page 2206 questions about minimum contacts and where the contract was to be performed that require the taking of evidence, the court does not discern from its colloquy at oral argument that there are any material issues of fact in dispute.
The court fully adopts the decision and reasoning of the court (Lewis, J.) in the Memorandum of Decision on the Motion to Dismiss filed on July 7, 1992. The file should reflect that it is the order of the court that the Motion to Dismiss is denied, that the defendant's Motion to Reargue of July 27, 1992, has been granted and that such reargument has occurred, and that no further rehearing or reargument relative to the Motion to Dismiss will be entertained.
PATTY JENKINS PITTMAN, JUDGE